335 A.2d 634.

HELEN SURGENTO *vs.* AMERICAN LUGGAGE WORKS, INC.

APRIL 18, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This is an employee's appeal from a decree of the Workmen's Compensation Commission affirming the trial commissioner's award of compensation benefits for a period beginning on January 17, 1973 and ending on May 11, 1973. The entire thrust of her appeal revolves around the commission's refusal to order the payment of any benefits beyond the May 11 cutoff date. As we turn to our consideration of the facts in this controversy we note that the entire time period comprising the date of the injury, its treatment, and the hearing before the trial commissioner was the first 6 months of 1973.

Helen Surgento worked at American Luggage's Warren plant. Her job title was "foot press operator." A member

of the assembly line, Helen punched holes for the hinges that eventually become an integral part of the many suitcases that finally emerge at the end of the line. On January 11, Helen picked up a box of hinges and "felt a pull" in her right arm. She continued to work until January 17. At that time the soreness in the area of her elbow was so severe that she sought medical assistance. During the period from the day of injury until the time of the first hearing before the trial commissioner on April 3, Helen's elbow area had been treated or examined at one time or another by five physicians. Three of the five were filling in for her family doctor who, because of his own illness, had been out of the office.

The family physician and one of his associates testified before the trial commissioner. Another medical witness was an orthopedic specialist who, acting as a consultant, examined Helen on March 1. He appeared at the May 16 hearing. At that time, his written report which summarized the results of his March 1 examination was made an exhibit. It describes Helen as being "totally and completely disabled." The expert testified that he had seen Helen on May 4 and observed "no change whatsoever."

The family physician also appeared before the trial commissioner on May 16 and testified immediately after the orthopedist had completed his testimony. He told the trial commissioner that he had examined Helen on May 4 and had seen her again on May 11. He stated that his patient's condition had improved to the point that she should "return to work, light work," and that he wished to see her again after she had worked a week.

The full commission in affirming the termination of compensation payments as of May 11 stressed the lack of any evidence as to Helen's ability to work or her physical condition subsequent to that date. Helen contends that the full commission erred and we agree. There is

evidence in the record from which a judgment could be made as to Helen's post-May 11 ability to work.

During cross-examination, the family physician was asked if he knew that his patient reported for work "this last Monday." The doctor replied that he had talked to Helen out in the hall, that he knew she had sought light work, and American Luggage "didn't have any."

The family physician's report of the corridor conference with his patient, if it is believed, indicates that Helen had followed her doctor's advice. It shows that on May 14, just two days before the physician and the orthopedic specialist testified, she went to American Luggage seeking light work and none was available. Helen's return to her place of employment is also an indication that she had not regained her previous earning capacity and was entitled to the benefits paid a partially incapacitated worker.

There is additional post-May 11 evidence of Helen's physical condition. It was supplied by the orthopedist during the May 16 cross-examination. His opinion as to Helen's disability was based upon the fact that when he palpitated the elbow area, Helen winced. The expert conceded that any patient could feign pain, but he proceeded to give an *affirmative* reply to the cross-examiner's query if he *still believed* Helen was incapacitated for work.

Since there is evidence of a partial incapacity as well as an indication of a total incapacity, there are factfindings to be made. This is the job of the commission and calls for a remand. This court cannot engage in factfinding.

Before remanding, we offer one brief comment on American Luggage's argument that since Helen's petition sought only total incapacity benefits, she cannot be heard to complain about the commission's failure to award par-

tial incapacity benefits. Such a contention might have some validity if the principles of common-law pleading were applicable to workmen's compensation proceedings. They are not. The lesser is said to be embodied within the greater. Any employer is well aware that an employee who seeks the maximum in workmen's compensation proceedings can end up with something less.

The employee's appeal is sustained, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Lovett & Linder, Ltd., Raul L. Lovett,* for appellant.

*Worrell and Hodge, Paul H. Hodge,* for appellee.